UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWAINE BUTLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. JOHNSON,<br><br>　　　　　Defendant. | Case No. 1:19-cv-01087-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Antwaine Butler is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 9, 2019. (ECF No. 1.)

Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on August 9, 2019. (ECF No. 2.)

**I.　Legal Standard**

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the

1

appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

## II. Discussion

Plaintiff has filed an application declaring that, due to his poverty, he is unable to pre-pay the full amount of fees and costs for these proceedings or give security therefor, and that he believes that he is entitled to the relief sought in his complaint. Plaintiff's application is supported by a certified inmate statement report printed on July 18, 2019 by an officer at Kern Valley State Prison, where Plaintiff is currently housed. The statement provides the activity in Plaintiff's inmate trust account for the entire six-month period preceding the filing of the complaint.

Plaintiff's certified inmate statement report indicates that he currently has an available sum of $737.94 on account to his credit at Kern Valley State Prison. Further, the statement report indicates that, on January 18, 2019, Plaintiff's beginning balance was $395.81, and that, after paying for some sales items, Plaintiff had $737.94 in his account on July 18, 2019. During the six-month period prior to the filing of the complaint, the average amount deposited in Plaintiff's account each month was $335.06 and the average monthly balance in Plaintiff's trust account was $790.62. Finally, the certified trust account statement report indicates that Plaintiff has no encumbrances or obligations on the money in his account and that Plaintiff has fulfilled all of his restitution fines.

Based on the foregoing, the information that Plaintiff has provided to the Court reflects that he is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has held that "the filing fee … should not take the prisoner's last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, Plaintiff has sufficient funds to pre-pay the $400 filing fee with money left over. Plaintiff has also recently spent funds on discretionary purchases. See id. (district court entitled to consider an inmate's choices in spending money, such as between a filing fee and comforts purchased in the prison commissary).

Should Plaintiff have additional information to provide the Court, or should his available balance change by the time he receives this order, he may notify the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds. See also Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may

consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs).

Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

**III.     Order and Recommendations**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2), be DENIED; and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 13, 2019**                    /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE